UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FARONDA DAVIS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:18-CV-00441-AGF |
| FIDELITY INFORMATION CORP., et al., | ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for default judgment (ECF No. 17) against Defendant Fidelity Information Corp. ("Fidelity"), the last remaining Defendant in the case. For the reasons set forth below, the motion will be granted in part.

# BACKGROUND

This is an action for damages under the Fair Credit Reporting Act ("FCRA") and Fair Debt Collections Act ("FDCPA"). Plaintiff's complaint alleges that Fidelity, a debt collector and "credit furnisher," inaccurately reported to credit reporting agencies a debt stemming from an apartment rental that was already paid and not owed. Plaintiff claims that the reporting agencies notified Fidelity that Plaintiff disputed the information, but that Fidelity either failed to respond or provided incorrect, incomplete, or inaccurate information as a result of its limited investigation.

Plaintiff contends that she first spoke with Fidelity in early February 2018 regarding the disputed debt. She alleges that Fidelity advised her that the account would not be

deleted unless Plaintiff resolved the account with the original creditor.  Plaintiff claims that Fidelity thereby "willfully or negligently" violated the FCRA and FDCPA, and she seeks statutory damages, actual damages, punitive damages, costs, and attorney's fees, all for unspecified amounts.

Fidelity did not respond to the complaint, and on June 26, 2018, the Clerk of Court entered default against Fidelity.  ECF No. 16.  Plaintiff now seeks default judgment against Fidelity in the amount of $38,650, which is comprised of $1,000 in statutory damages under the FDCPA, $3,000 in statutory damages under the FCRA, $5,000 in actual damages, $20,000 in punitive damages, and $9,650 in court costs and attorney's fees.  In support of her motion, Plaintiff submitted an affidavit, in which she stated that: Fidelity made several misrepresentations to her in an attempt to collect the debt; Fidelity failed to mail to her written correspondence after its initial call with her; she hired a credit repair agency to correct the inaccurate debt information, which cost Plaintiff $746; Plaintiff suffered and continues to suffer embarrassment, mental anguish, and emotional distress; and she was rejected by several lenders due to the alleged debt.  ECF No. 18-1.  Plaintiff also submitted the affidavit of Steven Davis, Plaintiff's friend, who observed Plaintiff "suffer and continue to suffer embarrassment, mental anguish, and emotional distress," as well as "extreme stress, frustration, anxiety, anger and negative feelings."  ECF No. 18-2.

## DISCUSSION

Where default has been entered, the allegations of the complaint are taken as true, except as to the amount of damages; it then "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not

admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).

The FCRA was enacted, in part, to "ensure fair and accurate credit reporting." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The statute sets forth the duties of a creditor providing information to a credit-reporting agency, after a creditor has been notified of a consumer's dispute. 15 U.S.C. § 1681s-2(b). Among other things, the creditor must "conduct an investigation with respect to the disputed information," "review all relevant information provided by the . . . . reporting agency," and, where an inaccuracy has been found, either modify the information, delete it, or permanently block its reporting. 15 U.S.C. § 1681s-2(b)(1)(A)-(E); *see also Usher v. Fid. Info. Corp.*, No. 4:17CV02516 AGF, 2018 WL 2095703, at *1 (E.D. Mo. May 7, 2018).

An FCRA plaintiff must demonstrate at least negligence by the creditor in order to prevail. *Safeco*, 551 U.S. at 53. If the plaintiff shows the creditor violated the statute willfully, she may recover actual damages or statutory damages between $100 and $1,000, plus punitive damages, costs and attorney's fees. 15 U.S.C. §§ 1681n(a). If the plaintiff shows the creditor's negligence resulted in a violation, she may recover actual damages, costs, and attorney's fees. *Id*. § 1681o(a).

"To show willful noncompliance with the FCRA, [the plaintiff] must show that [the defendant] knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive." *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir.1998) (citations omitted). In other words, willful noncompliance requires the knowing and intentional commission of an act the defendant knows to violate

the law. *Murphy v. Midland Credit Mgmt., Inc.*, 456 F. Supp. 2d 1082, 1095 (E.D. Mo. 2006) (citing *Phillips v. Grendahl,* 312 F.3d 357, 370 (8th Cir. 2002)).

Under the FDCPA, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Further, a debt collector must send to the consumer written notice containing information about the debt within five days after its initial communication with the consumer. 15 U.S.C. § 1692g.

Here, Plaintiff alleges that Fidelity failed to review all relevant and pertinent information provided to it and to investigate Plaintiff's claims entirely. She further alleges that after Fidelity contacted her, it failed to provide her with a notice containing information about her debt. She further claims that Fidelity made representations to her in an effort to induce Plaintiff to pay a debt that was not owed. These unchallenged facts constitute a legitimate cause of action for negligent noncompliance with the FCRA and violations of the FDCPA.

Plaintiff in her affidavit states:

> With respect to damages, I am requesting $1,000 for statutory damages of the FDCPA and $3,000 for damages with the FCRA, actual damages of $5,000, punitive damages of $20,000 and $9,650 for court costs and attorney's fees. For total damages of $38,650.

ECF No. 18-1 at ¶ 6.

A debt collector who violates the FDCPA "is liable for any actual damages sustained by the plaintiff and 'additional damages as the court may allow, but not exceeding $1,000.'" *Jenkins v. E. Asset Mgmt., LLC,* No. 4:08–cv–1032, 2009 WL 2488029, at *3

(E.D. Mo. Aug. 12, 2009) (quoting 15 U.S.C. § 1692k(a)(1), (a)(2)(A)). In determining the amount of statutory damages to award, the court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The court must also award reasonable attorney's fees, as determined by the Court. *Id.* § 1692k(a)(3).

Here, Plaintiff requested the maximum amount allowed under the FDCPA. In light of the allegations, the Court finds that the maximum amount is not warranted, and will instead award Plaintiff $500 in statutory damages under the FDCPA.

Plaintiff also seeks $3,000 in statutory damages under the FCRA. However, the FRCA does not provide statutory damages for negligent noncompliance. *See* 15 U.S.C. § 1681o(a). Thus, the Court will not award Plaintiff statutory damages for Fidelity's violations of the FCRA. Further, after careful review of the pleadings, the Court finds that punitive damages are not warranted here.

Plaintiff also seeks actual damages totaling $5,000, which includes $746 paid for credit repair and damages for emotional distress. Mental pain and anxiety can constitute actual damages under both the FDCPA and FCRA. *Jenkins v. E. Asset Mgmt., LLC*, No. 4:08-CV-1032 CAS, 2009 WL 2488029, at *3 (E.D. Mo. Aug. 12, 2009) (FDCPA); *Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 828 (8th Cir. 2013) (FCRA). However, emotional distress damages must be supported by competent evidence of "genuine injury," which "may be evidenced by one's conduct and observed by others." *Taylor*, 710 F.3d at 828 (citing *Carey v. Piphus,* 435 U.S. 247, 264 n. 20 (1978)).

In her affidavit, Plaintiff stated that the stress of her interactions with Fidelity caused

her to lose sleep, experience panic attacks, and have trouble concentrating at work, all to her detriment. ECF No. 18-1. Plaintiff's friend also stated in his affidavit that he observed Plaintiff suffer extreme emotional distress, embarrassment, and mental anguish regarding Fidelity's credit reporting and that it "enraged" her to discuss it. He also observed Plaintiff experience panic attacks and have a hard time concentrating. ECF No. 18-2.

On this record, the Court concludes that Plaintiff presented competent evidence that she suffered emotional distress damages. *Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829, 834–35 (8th Cir.1976) (affirming an award of emotional distress damages under the FCRA where the plaintiff suffered "loss of sleep, nervousness, frustration and mental anguish" as a result of a "grossly inaccurate" consumer report); *Murphy*, 456 F. Supp. 2d at 1093 (corroborating witnesses' testimony that the plaintiff demonstrated outward manifestations of emotional distress met the requirements for competent evidence of genuine injury). Accordingly, the Court will award Plaintiff actual damages totaling $5,000.

Lastly, Plaintiff seeks attorney's fees and costs of $9,650 and submitted a United States Consumer Law's Attorney Fee Survey Report of 2015-2016. ECF No. 18-5. However, in the absence of additional supporting documentation, the Court cannot make the necessary determination that the requested fees are reasonable. *Glaziers Architectural Metal & Glassworkers Local 513 Div. a Glazier Unit Money Purchase Plan & Tr. v. Wood River Glass Co.*, No. 4:11-CV-1366 CEJ, 2012 WL 4480991, at *2 (E.D. Mo. Sept. 28, 2012). Thus, the request for attorney's fees and costs will be denied, and Plaintiff will be afforded an opportunity to submit additional documentation to support her claim for

attorney's fees and costs.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for entry of default judgment against Defendant Fidelity Information Corp. is **GRANTED**. ECF No. 17.

**IT IS FURTHER ORDERED** that on or before **December 7, 2018**, Plaintiff may submit additional documentation in support of her claim for attorney's fees and costs.

A separate Judgment shall be issued upon the Court's calculation of attorney's fees and costs, if any.

Dated this 26th day of November, 2018.

                                                AUDREY G. FLEISSIG  
                                                UNITED STATES DISTRICT JUDGE