UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FARONDA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-CV-00441-AGF |
| | ) |
| FIDELITY INFORMATION CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motions to compel discovery in aid of execution, pursuant to Federal Rule of Civil Procedure 69 (ECF Nos. 23, 24, 27) and Plaintiff's response to the Court's Order to Show Cause why the Court's December 10, 2018 Order of Default Judgment against Fidelity Information Corporation should not be set aside for failure to name the proper defendant (ECF No. 28). For the reasons set forth below, the motions to compel will be granted.

## BACKGROUND

Plaintiff filed this action in St. Louis County, Missouri, asserting violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act against Defendants Trans Union, LLC, Equifax Information Services, and Fidelity Information Corporation ("Fidelity"). On March 21, 2018, Trans Union removed the case to federal court. Thereafter, Plaintiff voluntarily dismissed Defendants Trans Union and Equifax, leaving Fidelity as the sole remaining Defendant.

1

On December 10, 2018, the Court entered default judgment against Fidelity and awarded $500 in statutory damages, $5,000 in actual damages, and attorney's fees and costs totaling $11,690. ECF Nos. 19, 22. Now, Plaintiff seeks a Court Order compelling Fidelity to respond to post-judgment discovery. Plaintiff also moves to compel non-party Tan Green III, LLC ("Tan Green") to respond to Plaintiff's subpoena.

Plaintiff asserts that Fidelity's principal place of business is 441 N. Varney Street, Fl. 2, Burbank, CA 91502 ("Varney Street address"). She claims that Tan Green owns the building located at the Varney Street address and believes that Fidelity is Tan Green's tenant. In support, Plaintiff submits a certified Fictitious Business Name Statement, which identifies "Fidelity Capital Holdings, Inc." as doing business as "Fidelity Creditor Service" and "Fidelity Information Corporation." The Varney Street address is listed as the mailing address for Fidelity. ECF No. 27-2. Plaintiff also submits correspondence with the Los Angeles County Assessor's Office, which identifies Tan Green as the owner of record for the Varney Street address. ECF No. 27-5.

On December 28, 2018, Plaintiff claims that she sent to Tan Green a subpoena requesting a copy of Fidelity's rental agreement, deposit checks, security checks, banking information, and other documents. ECF No. 27-2. On January 10, 2019, an attorney by the name of David Fuller stated that his office had been retained by "his client" regarding Plaintiff's collection efforts. Mr. Fuller claimed that the California Secretary of State's database revealed no registered entity by the name of Fidelity Information Corporation and requested that Plaintiff's counsel "cease from any enforcement or other legal actions against entities or parties unrelated to the Judgment. . ." ECF No. 26-4. Thereafter,

Plaintiff filed a motion to compel and served a copy of the motion to various individuals and entities, including Mr. Fuller and Tan Green's registered agent, Clinton J. Sallee.[1]

On April 9, 2019, the Court directed Plaintiff to show cause why the Court's December 10, 2018 Order of Default Judgement against Fidelity Information Corporation should not be set aside for failure to name the proper defendant. ECF No. 28. Specifically, the Court noted that the filings made by Plaintiff only demonstrated that Fidelity was a fictitious name under which Fidelity Capital Holdings, Inc. did business. However, Plaintiff had not named Fidelity Capital Holdings as a Defendant in this case, and judgment was entered against Fidelity Information Corporation.

In response, Plaintiff asserted that Fidelity had never represented itself as Fidelity Capital Holdings, Inc., nor did Fidelity object to Plaintiff naming Fidelity as the proper Defendant in this action. Moreover, Fidelity was properly served and was aware of this litigation. Thus, Plaintiff contends that the default judgment against Fidelity is valid and enforceable.

## DISCUSSION

The Court will first address whether default judgment entered against a fictitious entity is valid and binding such that Plaintiff may then pursue post-judgment discovery. "A misnomer occurs where a summons is served on the right party but with the wrong name." *P & K Heating & Air Conditioning, Inc. v. Tusten Townhomes Redevelopment Corp.*, 877 S.W.2d 121, 125 (Mo. Ct. App. 1994). "A defendant who is misnamed has the right to interpose a timely and proper objection to the defect and have it corrected." *Id.* (citation omitted). But, a misnamed defendant waives any objection if

---

[1] Clinton J. Sallee also the registered agent for Fidelity.

not timely made. *Id.* In other words, "Failure to object at the proper time, and in the proper manner[,] constitutes a waiver of the objection, as where, instead of objecting that he is sued by the wrong name, the defendant enters a general appearance, pleads to the merits, or suffers judgment by default." *Orona v. Consol. Cab Co.*, 373 S.W.2d 486, 488 (Mo. App. 1963).

Here, Fidelity was properly served with process and had the opportunity to object to the misnomer. However, Fidelity defaulted and to date has not participated in this litigation. Under Missouri law, the default judgment against it is valid and binding. *P & K Heating & Air Conditioning, Inc.*, 877 S.W.2d at 125. Accordingly, the Court now turns to the merits of Plaintiff's motion to compel.

Discovery in aid of execution is controlled by Federal Rule of Civil Procedure 69, which states, in relevant part, that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Missouri's Rules of Civil Procedure allow post-judgment discovery of "matters . . . relevant to the discovery of assets or income subject to . . . the satisfaction of judgments." Mo. R. Civ. P. 76.28. Rule 69(a) allows the "judgment creditor . . . freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *ITOCHU Int'l, Inc. v. Devon Robotics, LLC,* 303 F.R.D. 229, 232 (E.D. Pa. 2014) (citation omitted); *see also* Wright & Miller, Discovery in Aid of Execution, 12 Fed. Prac. & Proc. Civ. § 3014 (3d ed.) ("The judgment creditor is allowed discovery to find out about assets on which execution can issue . . .").

Rule 69(a) applies the normal procedure of conducting discovery to post-judgment discovery requests. Fed. R. Civ. P. 69(a)(2). For instance, responses to written discovery must comply with the requirements of Rules 33 and 34, including the time to respond and waiver of objections if not timely raised. *BancorpSouth Bank v. RWM Properties II, LLC, No.*, No. 4:11CV373, 2012 WL 3939972, at * 1 (E.D. Mo. Sept. 10, 2012) (applying Rules 33 and 34 to post-judgment discovery requests). Rule 45 provides the specific rules for discovery directed at nonparties. If a person commanded to produce documents serves a written objection, the serving party may, upon notice to the commanded person, move the court for an order compelling production. Fed. R. Civ. P. 45(d)(2).

Here, the Court finds that Plaintiff properly propounded post-judgment discovery on Fidelity and will grant Plaintiff's motions to compel directed at Fidelity. As for the subpoena directed to Tan Green, the Court concludes that it properly falls within the scope of permissible discovery allowed by the Federal Rules of Civil Procedure. Plaintiff has narrowly tailored the request to include only records related to Fidelity's tenancy at the property owned by Tan Green. Furthermore, Plaintiff has offered evidence that Fidelity is a name under which Fidelity Capital Holdings, Inc. does business. Thus, Tan Green will be directed to produce the records requested by the subpoena for any tenant by the name of Fidelity Capital Holdings, Inc., Fidelity Creditor Service, or Fidelity Information Corporation.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to compel discovery in aid of execution, pursuant to Federal Rule of Civil Procedure 69, directed at Defendant Fidelity Information Corporation is **GRANTED**. ECF Nos. 23, 24.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel discovery in aid of execution directed at Tan Green III, LLC r/a Clinton J. Sallee, is **GRANTED**, as set forth in this Order. ECF No. 27.

                                                                                            _____
                                                                                           AUDREY G. FLEISSIG
                                                                                          UNITED STATES DISTRICT JUDGE

Dated this 16th day of April, 2019.